EIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TALONNA G. JONES                                                                              PLAINTIFF

vs.                                              Civil No. 3:16-cv-03110

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Talonna G. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on July 30, 2013. (Tr. 22). In this application, Plaintiff alleges she was disabled due to mental problems and depression. (Tr. 205). Plaintiff alleges an onset date of January 2, 2010. (Tr. 22). This application was denied initially and again on reconsideration. (Tr. 69-81).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 106-116). An administrative hearing was held on September 1, 2015 in Harrison, Arkansas. (Tr. 39-68). At this hearing, Plaintiff was present and was represented by counsel, Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spraggins testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI), and testified she had completed high school with special education classes. (Tr. 44).

On September 19, 2015, the ALJ entered an unfavorable decision on Plaintiff's disability application. (Tr. 19-33). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 30, 2013, her application date. (Tr. 24, Finding 1). The ALJ determined Plaintiff had the following severe impairments: morbid obesity, depression, and anxiety. (Tr. 24, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-26, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-31, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can perform work that is limited to simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes and no more than occasional contact with coworkers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she had no PRW.

(Tr. 31, Finding 5). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 32-33, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.*

Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform work such as the following: (1) price marker (light, unskilled) with 4,300 such jobs in Arizona and 496,000 such jobs in the nation; (2) plastics molding machine tender (light, unskilled) with 2,400 such jobs in Arizona and 168,000 such jobs in the nation; and (3) routing clerk (light, unskilled) with 800 such jobs in Arizona and 74,000 such jobs in the nation. (Tr. 32-33, Finding 9). Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 33, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council reviewed the ALJ's unfavorable disability determination. (Tr. 18). On September 6, 2016, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On October 14, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 17, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-8. Specifically, Plaintiff claims the only evidence in the record from an examining physician–Dr. Brownfield–does not support the ALJ's disability determination. *Id.* Plaintiff claims Dr. Brownfield's findings demonstrate she is disabled, and the ALJ should have adopted those findings. *Id.* Because this is the only argument Plaintiff raised, the Court will only address this argument.

As Plaintiff correctly noted, Dr. Shannon Brownfield, M.D, found Plaintiff had greater limitations than those found by the ALJ. (Tr. 415-420). In his opinion, however, the ALJ fully evaluated Dr. Brownfield's findings but discounted several of those findings (especially those related to her hand limitations) because they were "not supported by the examination of the claimant." (Tr. 28-29). As the ALJ noted, Plaintiff's examination "revealed normal range of motion, no sensory abnormalities, normal grip strength bilaterally, and the claimant was able to hold a pen, touch fingertips to pal [palm], oppose thumb to fingers, and pick up a coin." *Id.* Considering this analysis, the Court cannot find the ALJ erred in evaluating Dr. Brownfield's opinions on this issue.

Furthermore, and as a final note, there has been no demonstration Dr. Brownfield's other

5

findings regarding Plaintiff's limitations in walking and standing were inconsistent with the ALJ's RFC assessment. Indeed, the only physical limitation Dr. Brownfield found was that Plaintiff had a medium or moderate limitation in "prolonged" standing and walking. (Tr. 419).

In his decision, the ALJ found Plaintiff could perform "light work." (Tr. 26-31, Finding 4). "Light work" may involve a "good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b) (2018). Light work also requires the ability to walk or stand "off and on" for a total of six hours of an eight-hour day, but the claimant may be able to sit "intermittently during the remaining time." *Social Security Ruling* 83-10.

Notably, Plaintiff has not demonstrated that these restrictions found by Dr. Brownfield would preclude her from performing this "light work" as described. Indeed, during the eight-hour time-period, she can take breaks, and there is no indication that she would be forced to perform "prolonged" standing and walking. Thus, the Court finds no basis for reversal on this issue.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of January 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE